UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 3:22-73 |
|---|---|---|
| | ) | 18 U.S.C. § 2 |
| | ) | 18 U.S.C. § 287 |
| v. | ) | 18 U.S.C. § 1014 |
| | ) | 18 U.S.C. § 982(a)(2) |
| | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| | ) | |
| **MAGGIE ANNE BOLER** | ) | **INDICTMENT** |

## COUNTS 1-6

THE GRAND JURY CHARGES:

That on or about the dates set forth below, in the District of South Carolina, the Defendant, **MAGGIE ANNE BOLER**, made and presented to the Internal Revenue Service claims upon and against the United States, that is, demands for a tax refunds of knowing that the claims were false, fictitious, and fraudulent in that the taxpayers did not have withholdings as stated and that the refunds were not due;

| Count | Tax Year | Taxpayer | Refund Claimed |
|---|---|---|---|
| 1 | 2/13/2016 | M.B. | $44,373.00 |
| 2 | 2/15/2016 | R.B. | $26,365.00 |
| 3 | 2/14/2016 | J.D. | $16,918.00 |
| 4 | 2/23/2016 | F.J. & D.J. | $26,356.00 |
| 5 | 3/30/2016 | K.L. | $26,729.00 |
| 6 | 4/19/2016 | A.M. | $18,648.00 |

In violation of Title 18, United States Code, Section 287 and 2.

1

## COUNT 7

THE GRAND JURY FURTHER CHARGES:

That on or about March 1, 2021, in the District of South Carolina, the Defendant, **MAGGIE ANNE BOLER**, knowingly made a false statement and report for the purpose of influencing the action of Itria Ventures in approving a Paycheck Protection Program loan as backed by the United States Small Business Administration in connection with an application and loan, in that the defendant falsely claimed gross receipts and expenses when in truth and in fact, as the defendant well knew, she did not have those gross receipts and expenses;

All in violation of Title 18, United States Code, Section 1014.

## FORFEITURE

FALSE STATEMENTS:

Upon conviction for violation of Title 18, United States Code, Section 1014 as charged in this Indictment, the Defendant, **MAGGIE ANNE BOLER**, shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the Defendant obtained directly or indirectly as a result of such offense.

PROPERTY:

Pursuant to 18 U.S.C. § 982(a)(2), and 28 U.S.C. § 2461(c), the property subject to forfeiture includes, but is not limited to, the following:

Cash Proceeds/Forfeiture Judgment:

A sum of money equal to all proceeds the Defendant obtained, directly or indirectly, from the offense charged in this Indictment, that is, a minimum of $20,833.00 in United States currency and all interest and proceeds traceable thereto, and/or that such sum equals all property derived from or traceable to her violation of 18 U.S.C. §1014.

SUBSTITUTE ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant--

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with, a third person;
(c) has been placed beyond the jurisdiction of the Court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of the said Defendant up to the value of the above described forfeitable property;

3

Pursuant to Title 18, United States Code, Section 982(a)(2), and Title 28, United States Code, Section 2461(c).

A True BILL

~~FOREPERSON~~

COREY F. ELLIS
UNITED STATES ATTORNEY

By: _____
T. DeWayne Pearson, ID No. 10859
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201

4